### BARNEY *v.* FULLER *et al.*

(*Supreme Court, General Term, Fourth Department.* July 7, 1891.)

1. MONEY HAD AND RECEIVED—ACTION AGAINST ATTORNEY.

In an action to recover money alleged to have been left with defendants by plaintiff, to be kept until called for, defendants testified that they had performed certain services as attorneys at law for plaintiff for an agreed compensation of $3,000, and that it was afterwards agreed that defendants should retain the sum so received by them in full of their compensation. Plaintiff denied that there was such an agreement, and testified that defendants were to receive a certain *per diem* for their services. *Held*, that the question was properly submitted to the jury.

2. SAME—EVIDENCE.

It was competent in such case to prove the value of the services rendered by defendants as bearing on the probability that plaintiff made the contract claimed by defendants.

3. APPEAL—REVIEW—OBJECTIONS WAIVED.

Where evidence is admitted over defendants' objection, and is afterwards stricken out on defendants' motion, an exception taken to the admission of such evidence is not available on appeal.

Appeal from circuit court, Onondaga county.

Action by Martin Barney against Louis E. Fuller and Truman K. Fuller. From a judgment entered on a verdict for plaintiff for $2,208.47, and from an order denying a motion for a new trial on the judge's minutes, defendants appeal.

Argued before HARDIN P. J., and MARTIN and MERWIN, JJ.

*T. K. Fuller*, for appellant L. E. Fuller.   *L. E. Fuller*, for appellant T. K. Fuller.   *Henry Purcell*, for respondent.

PER CURIAM.   The relation of attorney and client formerly existed between the plaintiff and defendants.   The plaintiff claims that while the defendants were acting as his attorneys he left with them the sum of $930, to be retained by them until called for by him; that they also subsequently received the sum of $1,200 on a settlement of his affairs, which belonged to him; that he afterwards demanded this money of them, and they refused to deliver it to him. This action was based on these claims, and was to recover the amount thereof, —$2,130,—with interest.   The defendants claim that, although they received the amounts of money mentioned, the former sum was actually paid to them by the plaintiff for their services as his attorneys, and that, after the latter amount was received by them, it was agreed between the parties that the sums so received, together with other smaller sums paid them by the plaintiff, amounting to $120, should be retained by them as compensation for the legal services they had performed for him, their precise claim being that they had made an agreement with the plaintiff whereby they were to receive the sum of $3,000 for their services if they were successful; that they were successful, and therefore legally entitled to that sum, but that they subsequently agreed to receive the foregoing sums in full satisfaction of their claim, which was agreed to by the plaintiff.   The plaintiff denied that there was any agreement by which the defendants were to be paid $3,000, or any settlement by which they were to retain the amount in their hands in compensation for their services, but claimed that they were to be paid $10 per day therefor, and such sums in addition as their expenses should amount to while they were absent from home on his business.   The evidence as to what the agreement was between the parties was conflicting.   The defendants testified that they were to have $3,000 if successful.   This the plaintiff denied, and testified that the agreement was that the defendants were to have $10 per day and expenses when absent from home on his business.   The defendants in turn denied that such was the agreement.   Under this evidence we think the questions whether the agreement was as testified to by the defendants or as testified to by the plaintiff, or whether there was any agreement whatever between the parties as to the amount of compensation the defendants were to receive for their services, were questions for the jury.   These questions were properly submitted to the jury, and its determination of them should not, we think, be disturbed.

The appellants contend that no demand of the moneys in their hands was made by the plaintiff before this action was commenced; that such a demand was a condition precedent to the plaintiff's right of recovery; and hence that the judgment and order should be reversed.   An examination of the evidence contained in the appeal-book does not justify this claim.   We think it discloses that a sufficient demand was made before the commencement of this action to entitle the plaintiff to maintain it.

On the trial the plaintiff was permitted to prove that when he called upon the defendants for the $930 left with them they did not tell him that they had settled with Mullin and Griffin.   We find no error in this ruling.   The defendants were his attorneys.   They had made a settlement of his matters when he was at their office asking for the money he claims to have left with them to be returned to him.   The plaintiff was entitled to show that they did not inform him of that fact.   It might well bear upon the defendants' method of transacting business, and the consequent value of their services. Moreover, it bore upon the probability as to whether that sum was left as plaintiff claimed, or was paid to them, as claimed by the defendants.   If the plaintiff did not know of the settlement, it would be more probable that he demanded the money that he had paid to the defendants than if he knew that

the settlement was completed, and his rights secured. Again, it explained why the remaining $1,200 was not mentioned at that time. We think the court properly admitted this evidence.

The court committed no error in allowing the plaintiff to prove the situation of the matters to which the defendants' employment related. This proof tended to show the character of the services performed by the defendants, and would aid the jury in determining their value.

We think the proof of the value of the defendants' services was admissible as bearing upon the question whether it was probable that the plaintiff made the contract claimed by the defendants. Besides, the defendants had a lien on the money in their hands for the services performed by them; and, in case the jury should find that neither the contract claimed by the defendants nor the one claimed by the plaintiff was in fact made, the proof was proper to enable the jury to determine the amount of the defendants' claim for services, and thereby to determine the amount of money held by them that belonged to the plaintiff. This proof was admissible under the pleadings. The action was for money in defendants' hands belonging to the plaintiff. The defense was that under a contract with the plaintiff defendants were to have $3,000 for their services, and that they accepted the amount in their hands as payment in full therefor. There was no reply. None was necessary. The facts were not set up as counter-claim, but as defense only. The plaintiff's proof was that the defendants agreed to work for $10 a day and expenses. The jury was not bound to believe either party as to what the contract was. It was justified in finding that the plaintiff testified truthfully when he testified that he did not agree to pay the defendants $3,000 in case of success, and also in finding that the defendants' evidence that they were not to receive $10 a day and expenses as a full compensation for their services was true. In that event, the evidence was proper to aid the jury in determining the value of such services.

We find no error in the exclusion of the evidence of the witness Mullin that he suspected that plaintiff would raise a question over the power of attorney given to one of the defendants. His suspicions were not proper evidence for any purpose.

One Thiebault was called as a witness to sustain the character of the plaintiff, and on the redirect examination testified that he once heard plaintiff's honesty called in question by a Mr. Angel. He was then asked: "What did he say?" This was objected to. The court said: "I think, in answer to the cross-examination, it is competent." The question was then answered. The defendants thereupon asked to have the answer stricken out, which was done. As the defendants did not see fit to rely upon their exception, but moved to strike out the evidence, which was granted, we do not think the exception available.

We fail to find any error prejudicial to the defendants in the hypothetical questions put to the witness Ayling on his cross-examination. He was called by the defendants as an expert witness, and had answered an hypothetical question put by the defendants. On the cross-examination questions were asked, based upon different hypotheses, which included the plaintiff's theory as to the situation of the plaintiff's affairs, and what was in fact done by the defendants. We think this was proper.

The judgment should not be disturbed on the ground that the damages were excessive. It was sustained by the evidence. Therefore, as there were no rulings requiring a reversal, the judgment and order should be affirmed. Judgment and order affirmed, with costs.